# EXHIBIT 1

## Petition to Quiet Title and Cancel Instrument

ELECTRONICALLY FILED
2026 Apr 02 PM 4:36
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: SG-2026-CV-001216
PII COMPLIANT

STINSON LLP
1625 N. Waterfront Pkwy, Suite 300
Wichita, Kansas 67206-6620
(316) 265-8800
Fax: (316) 265-1349

**IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DIVISION**

| | |
|---|---|
| RIVER WALK BEST LIVING LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>YSA INVESTMENTS I, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: |

Pursuant to K.S.A. Chapter 60

**PETITION TO QUIET TITLE AND CANCEL INSTRUMENT**

1. Plaintiff River Walk Best Living LLC ("River Walk") is a Delaware limited liability company.

2. Defendant YSA Investments I, LLC ("YSA") is a Delaware limited liability company, and can be served via its registered agent, NORTHWEST REGISTERED AGENT SERVICE, INC. at 8 The Green, Suite B, Dover, Delaware, 19901.

3. Plaintiff owns the fee simple interest in and is in possession of the property commonly known as the River Walk Apartments located at located at 410 East Marion Road, and 2701 South Emporia Street, Wichita, Kansas, and legally described on Attachment A to this petition ("Property").

4. On January 8, 2026, defendant YSA recorded an instrument titled "Mortgage, Assignment of Leases and Rents, Security Agreement, Financing Statement, and Fixture Filing

with the Registrar of Deeds of Sedgwick County, Kansas as Document No. 2026-001130 ("YSA Mortgage").

(a) The YSA Mortgage purports to encumber the Property as security for payment of $9.85 million in obligations owed by Marc Kulick, River Walk Sponsor, LLC ("Sponsor"), Louis Investments, LLC ("Louis"), and/or other Kulick-related entities.

(b) The YSA Mortgage is signed by Aharon Diveroli, allegedly as attorney in fact for Marc Kulick, whom the YSA Mortgage identifies as authorized agent of Louis, which is identified as manager of Sponsor, which, in turn, is identified as River Walk's manager.

5. Diveroli was not authorized to sign the YSA Mortgage on River Walk's behalf. Neither River Walk nor any person or entity authorized to so act on River Walk's behalf signed the YSA Mortgage or conferred any authority on Sponsor, Louis, Kulick, or Diveroli to do so on River Walk's behalf.

6. Until it resigned effective July 1, 2025, Sponsor, was River Walk's Manager. While River Walk's Manager, Sponsor was expressly denied authority to mortgage the Property.

(a) Under the terms of River Walk's Limited Liability Company Agreement, as River Walk's Manager, Sponsor had the authority to manage River Walk's day-to-day business, affairs, and property, except for "Major Decisions" which could be authorized only by a majority vote of River Walk's Members.

(b) River Walk's Limited Liability Company Agreement defined "Major Decisions" to include "[a]ny and all financing and refinancing of the [River Walk], or any assets owned by the [River Walk], including the material terms thereof and the execution of any documents or agreements related thereto."

(c) No majority vote of River Walk's Members ever approved or authorized Sponsor to mortgage the Property.

(d) After it resigned as River Walk's Manager, Sponsor lacked authority of any kind to act on behalf of River Walk.

7. River Walk has demanded that YSA release, vacate, or remove the unauthorized YSA Mortgage from the Sedgwick County's public record. YSA has refused to do so.

**First Cause Of Action**
**(Quiet Title)**

8. River Walk realleges and incorporates by reference paragraphs 1-7 above.

9. River Walk owns the Property in fee simple and possesses the Property.

10. YSA claims an interest in the Property adverse to River Walk under the YSA Mortgage.

11. River Walk brings this action to secure, and prays for issuance of, a judgment determining that the YSA Mortgage is an unauthorized, void instrument and that YSA has no interest in the Property under that instrument or otherwise.

**Second Cause Of Action**
**(Cancellation Of Instrument)**

12. River Walk realleges and incorporates by reference paragraphs 1-7 and 9 above.

13. The YSA Mortgage is void as it was executed and recorded without authority from River Walk or any River Walk agent having authority to mortgage River Walk's Property.

14. If left of record, the void YSA Mortgage will harm and prejudice River Walk. River Walk's $27 million loan from Wells Fargo Bank, N.A., which is secured by a first mortgage on the Property, is falling due in the near future. To renegotiate that loan or obtain a new take-out loan from another lender, River Walk must hold title to the Property clear of other

encumbrances. If left of record, the YSA Mortgage will impede and likely prevent River Walk from renegotiating or replacing its loan from Wells Fargo Bank, N.A.

15. River Walk therefore prays for a judgment canceling the YSA Mortgage.

**Third Cause Of Action**
**(Slander Of Title)**

16. River Walk realleges and incorporates by reference paragraphs 1-7 and 9 above.

17. YSA published the YSA Mortgage by recording it with the Sedgwick County Registrar of Deeds.

18. YSA created, published, and recorded the YSA Mortgage without privilege or justification. Also without privilege or justification, YSA has refused River Walk's demand that YSA release and remove the YSA Mortgage from the public record.

19. The YSA Mortgage is false, malicious, fraudulent, and unauthorized as it falsely asserts to have been created by or on behalf of River Walk, as grantor, when in truth and fact, YSA created and recorded the YSA Mortgage without any authority from River Walk or any person or entity authorized by River Walk to mortgage its Property. YSA's actions have disparaged River Walk's title.

20. As a direct and proximate result of YSA's creation and recording of the YSA Mortgage and its refusal to release and remove that mortgage from the public record, River Walk has been and will continue to be damaged in an amount to be proven at trial, including (without limitation) expenses and fees incurred in bringing this action to cancel the YSA Mortgage and expense and potential loss due from the YSA Mortgage's impeding the renegotiation or replacement of River Walk's $27 million loan from Wells Fargo Bank, N.A.

21. In slandering River Walk's title to the Property by creating, recording, and refusing to release and remove the YSA Mortgage, YSA has acted in a willful, wanton,

fraudulent, and malicious manner, entitling River Walk to an award of punitive and exemplary damages.

**Prayer**

Wherefore, River Walk prays for:

22. Entry of judgment quieting title to the Property in River Walk, free and clear of any interest created by the YSA Mortgage or held or asserted by YSA in any other manner.

23. Entry of judgment canceling the YSA Mortgage and decreeing it to be null and void.

24. An award of compensatory damages against YSA in a sum to be proven at trial.

25. An award of punitive and exemplary damages against YSA in a sum set by the trier of fact.

26. An award of prejudgment interest.

27. An award of River Walk's costs of suit and attorney fees.

28. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Nanette Turner Kalcik*

Nanette Turner Kalcik (# 24030)
STINSON LLP
1625 N. Waterfront Parkway, Suite 300
Wichita, KS 67206
Tel: 316.268.7926
nanette.kalcik@stinson.com

*Attorneys for Plaintiff River Walk Best Living, LLC*

Commitment No. NCS-1044603C-PHX1

**EXHIBIT A**

PARCEL 1:

LOT 1, EXCEPT THAT PART OF SAID LOT 1 DESCRIBED AS BEGINNING AT THE NORTHWEST CORNER OF SAID LOT 1; THENCE N89°16'00"E, 852.90 FEET; THENCE S00°34'00"E, 190 FEET; THENCE S89°16'00"W, 60.00 FEET; THENCE S00°44'00"E, 25.00 FEET; THENCE S89°16'00"W, 193.67 FEET; THENCE S00°44'00"E, 35.15 FEET; THENCE S11°59'35"W, 112.63 FEET; THENCE S27°21'00"W, 129.34 FEET; THENCE S00°36'25"W, 96.05 FEET; THENCE S17°35'19"E, 179.42 FEET; THENCE S25°59'58"W, 300.00 FEET; THENCE S45°59'58"W, 100.00 FEET; THENCE N44°00'02"W, 550.90 FEET; THENCE N49°32'41"W, 70.15 FEET; THENCE N39°16'00"E, 300.00 FEET; THENCE N30°01'12"E, 62.37 FEET; THENCE N00°44'00"W, 159.19 FEET; THENCE S89°16'00"W, 30.00 FEET; THENCE N00°44'00"W, 125.00 FEET; THENCE S89°16'00"W, 120.00 FEET; THENCE N00°44'00"W, 64.00 FEET TO THE POINT OF BEGINNING, BLOCK A, KINKAID PARK FIFTH ADDITION TO WICHITA, SEDGWICK COUNTY, KANSAS.

PARCEL 2:

A TRACT OF LAND BEING PART OF LOT 1, BLOCK A, KINKAID PARK FIFTH ADDITION TO WICHITA, SEDGWICK COUNTY, KANSAS DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWEST CORNER OF SAID LOT 1; THENCE N89°16'00"E, 852.90 FEET; THENCE S00°34'00"E, 190 FEET; THENCE S89°16'00"W, 60.00 FEET; THENCE S00°44'00"E, 25.00 FEET; THENCE S89°16'00"W, 193.67 FEET; THENCE S00°44'00"E, 35.15 FEET; THENCE S11°59'35"W, 112.63 FEET; THENCE S27°21'00"W, 129.34 FEET; THENCE S00°36'25"W, 96.05 FEET; THENCE S17°35'19"E, 179.42 FEET; THENCE S25°59'58"W, 300.00 FEET; THENCE S45°59'58"W, 100.00 FEET; THENCE N44°00'02"W, 550.90 FEET; THENCE N49°32'41"W, 70.15 FEET; THENCE N39°16'00"E, 300.00 FEET; THENCE N30°01'12"E, 62.37 FEET; THENCE N00°44'00"W, 159.19 FEET; THENCE S89°16'00"W, 30.00 FEET; THENCE N00°44'00"W, 125.00 FEET; THENCE S89°16'00"W, 120.00 FEET; THENCE N00°44'00"W, 64.00 FEET TO THE POINT OF BEGINNING.

*This page is only a part of a 2021 ALTA Commitment for Title Insurance issued by First American Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; and Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

*** Copyright 2026 First American Financial Corporation. All rights reserved.**
All information, data, and material created or compiled by or on behalf of First American Financial Corporation is restricted and may not be copied or used for derivative products/services without the prior express written permission of First American Financial Corporation.

**** Copyright 2021 American Land Title Association. All rights reserved.**
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.



Attachment A