# EXHIBIT 2

## Defendant YSA Investments 1, LLC's Answer to Plaintiff's Petition to Quiet Title and Cancel Instrument

ELECTRONICALLY FILED
2026 May 15 PM 3:36
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: SG-2026-CV-001216
PII COMPLIANT

**IN THE EIGHTEENTH JUDICIAL DISTRICT**
**DISTRICT COURT OF SEDGWICK COUNTY, KANSAS**
**CIVIL DIVISION**

| | | |
|---|---|---|
| RIVER WALK BEST LIVING LLC, a Delaware limited liability company | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. SG-2026-CV-1216 |
| YSA INVESTMENTS 1, LLC, a Delaware Limited liability company, | ) | |
| Defendant. | ) | |

Proceeding under K.S.A. Chapter 60

**DEFENDANT YSA INVESTMENTS 1, LLC'S ANSWER TO PLAINTIFF'S PETITION TO QUIET TITLE AND CANCEL INSTRUMENT**

Defendant YSA Investments 1, LLC ("YSA"), hereby submits its Answer to the Petition to Quiet Title and Cancel Instrument (the "Petition") of Plaintiff Eiver Walk Best Living LLC ("River Walk") and alleges and states as follows:

1. YSA lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Petition and, therefore, denies them.

2. YSA admits the allegations in Paragraph 2 of the Petition.

3. YSA lacks sufficient information to admit or deny the allegations in Paragraph 3 of the Petition and, therefore, denies them.

4. YSA admits that it recorded the mortgage referenced in Paragraph 4 of the Petition and further states that the mortgage speaks for itself. To the extent that the allegations in Paragraph 4 of the Petition are inconsistent with the referenced mortgage, YSA denies them. Additionally, YSA lacks sufficient information to admit or deny any other allegations in Paragraph 4 of the

Petition and, therefore, denies them.

5. YSA denies the allegations in Paragraph 5 of the Petition.

6. YSA lacks sufficient information to admit or deny the allegations in Paragraph 6 of the Petition and, therefore, denies them.

7. YSA admits that the parties have exchanged correspondence regarding the mortgage. YSA denies the allegation in Paragraph 7 of the Petition that the mortgage is unauthorized.

**First Cause Of Action**
**(Quiet Title)**

8. To the extent a response is required to Paragraph 8 of the Petition, YSA incorporates all prior responses as if fully stated here.

9. YSA lacks sufficient information to admit or deny the allegations in Paragraph 9 of the Petition and, therefore, denies them.

10. YSA admits that it recorded a mortgage on the subject property, the terms and effect of the mortgage speak for themselves. YSA lacks sufficient information to admit or deny the allegations in Paragraph 10 of the Petition and, therefore, denies them.

11. To the extent a response is required to Paragraph 11 of the Petition, YSA denies the allegations in Paragraph 11 of the Petition.

**Second Cause Of Action**
**(Cancellation of Instrument)**

12. To the extent a response is required to Paragraph 12 of the Petition, YSA incorporates all prior responses as if fully stated here.

13. YSA denies the allegations in Paragraph 13 of the Petition.

14. YSA lacks sufficient information to admit or deny the allegations in Paragraph 14

of the Petition and, therefore, denies them.

15. To the extent a response is required to Paragraph 15 of the Petition, YSA denies the allegations in Paragraph 15 of the Petition.

**Third Cause Of Action**
**(Slander of Title)**

16. To the extent a response is required to Paragraph 16 of the Petition, YSA incorporates all prior responses as if fully stated here.

17. YSA admits that it recorded its mortgage. YSA lacks sufficient information to admit or deny the remaining allegations in Paragraph 17 of the Petition and, therefore, denies them.

18. YSA denies the allegations in Paragraph 18 of the Petition.

19. YSA denies the allegations in Paragraph 19 of the Petition.

20. YSA denies the allegations in Paragraph 20 of the Petition.

21. YSA denies the allegations in Paragraph 21 of the Petition.

**Prayer**

22. YSA denies that River Walk is entitled to the relief requested in Paragraph 22 of the Petition.

23. YSA denies that River Walk is entitled to the relief requested in Paragraph 23 of the Petition.

24. YSA denies that River Walk is entitled to the relief requested in Paragraph 24 of the Petition.

25. YSA denies that River Walk is entitled to the relief requested in Paragraph 25 of the Petition.

26. YSA denies that River Walk is entitled to the relief requested in Paragraph 26 of the Petition.

27. YSA denies that River Walk is entitled to the relief requested in Paragraph 27 of the Petition.

28. YSA denies that River Walk is entitled to the relief requested in Paragraph 28 of the Petition.

29. All other allegations in the Petition that were not expressly admitted are denied.

**AFFIRMATIVE DEFENSES**

YSA sets forth below its affirmative defenses to, and matter constituting avoidance of, River Walk's claims. Each defense is asserted for all causes of action alleged against YSA to the extent applicable. By setting forth these defenses, YSA does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to River Walk. Moreover, nothing stated herein should be construed as an admission that any particular issue or subject matter is relevant to River Walk's allegations. YSA reserves the right to amend or supplement the following list to assert any additional defenses that may become available or arise hereafter as additional facts become known.

1. River Walk's Petition fails to state a claim upon which relief may be granted against YSA.

2. River Walk's Petition must be dismissed or stayed because of a previously filed action pending in the Delaware Chancery Court-, *Kulick et al. v. YSA Investments 1, LLC et al.*, C.A. No. 2025-1319-KSJM, in which both YSA and River Walk are parties and said case involves substantially similar issues of fact and law as this action (the "Delaware Case").

3. River Walk has failed to join all necessary parties.

4. River Walk's claims may be barred in whole or in part by the doctrines of acquiescence, waiver, knowledge, consent, release and/or ratification.

5. River Walk's claims may be barred in whole or in part by the doctrines of estoppel or unclean hands.

6. River Walk's claims may be barred in whole or in part by the doctrines of res judicata, claim or issue preclusion, or by collateral estoppel.

7. River Walk has failed to mitigate its damages, if any.

8. YSA had an absolute or qualified privilege or justification to record its mortgage.

9. At all times, YSA did not act with any malice or in a wanton manner.

10. River Walk's claim for punitive damages is barred by Kansas Statutes § 60-3703.

11. River Walk's claim for punitive damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**COUNTERCLAIMS**

YSA's claims against River Walk are already at issue in actions pending in Delaware state court and thus will not be again asserted in this action. YSA's failure to assert herein claims being adjudicated in other pending actions is not intended to waive any of its rights or claims against River Walk.

**PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Defendant YSA Investments 1, LLC, prays that the Court enter judgment against all of Plaintiff's causes of action and claims for relief and award Defendant its costs and reasonable attorney's fees together with such and further relief as the Court may deem just and equitable under the circumstances.

Respectfully submitted,

*/Todd A. Nelson/*
Todd A. Nelson, No. 16028
GABLEGOTWALS
110 N. Elgin, Ste. 200

Tulsa, Oklahoma 74120
Telephone: (918) 595-4800
Facsimile: (918) 595-4990
E-Mail: *tnelson@gablelaw.com*

*Admitted Pro Hac Vice:*
David P. Limekiller, OBA No. 18173
GABLEGOTWALS
110 North Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120-1495
Telephone: (918) 595-4800
Facsimile: (918) 595-4990
E-mail: dlimekiller@gablelaw.com

*Attorneys for Defendant,*
*YSA Investments 1, LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing Answer was served, via electronic mail, on this 15th day of May, 2026 to the following:

Nanette Turner Kalcik
Stinson LLP
1625 N. Waterfront Parkway
Suite 300
Wichita, Kansas 67206

*/Todd A. Nelson/*
Todd A. Nelson